UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------X

NOLBERTO RIVERA,

     Plaintiff,     16 Civ.

  -against-         COMPLAINT

PORT AUTHORITY TRANS HUDSON,

     Defendant.

-------------------------------------------------------------X

PLAINTIFF DEMANDS TRIAL BY JURY

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the defendant and alleges:

FIRST:  This action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

SECOND:  The defendant is a corporation engaged in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States.

THIRD:  That prior to December 19, 2013, and at all times hereinafter mentioned, the defendant employed the plaintiff as a signal repairman under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

FOURTH:   That prior to December 19, 2013, and at all times hereinafter mentioned, the defendant maintained, operated and controlled Tunnel E3, Junction 5 lower, Jersey City, New Jersey, which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

FIFTH:  That on or about December 19, 2013, while the plaintiff, an employee of the defendant, was in the performance of his duties as a signal repairman at Tunnel E3, Junction 5 lower, Jersey City, New Jersey, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff in failing to provide plaintiff with a reasonably safe place to work; in

failing to warn plaintiff; in failing to inspect; in failing to maintain plaintiff's work place; and, so

negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices

for activities carried out by its personnel at the said place, that all of the foregoing brought about severe

and disabling injuries to plaintiff, including but not limited to left knee.

SIXTH:  That the said injuries occurred while the plaintiff was acting in the furtherance of

interstate commerce or in work closely or substantially affecting the same.

SEVENTH:  That the plaintiff was damaged thereby in the sum of $500,000.00.

WHEREFORE, plaintiff demands judgment in the First Cause of Action against the defendant

in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; together with the costs and

disbursements of this action.

Flynn & Wietzke, PC
Attorneys for Plaintiff
1205 Franklin Avenue
Garden City, NY 11530
(516) 877-1234

By: _____
MARC WIETZKE